**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SAMMY LEROY McMURRAY,

      Plaintiff,

v.                                                     No. CV 10-0389 JH/GBW

JUSTICE MCCELMOORE et al.,

      Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's civil rights complaint. Plaintiff is confined in a state medical facility, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons below, the Court will dismiss the complaint.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing McMurray's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

      The complaint names as the Defendant a former state court judge whom Plaintiff has named

in prior complaints.  *See McMurray v. McCelmoore*, No. CV 08-1209 JH/ACT; *McMurray v. Snead-Justice*, No. CV 07-0688 JH/CEG; *McMurray v. Snead*, No. CV 08-0519 JB/KBM; *McMurray v. McClemoore*, No. CV 08-0773 JH/WDS.  The earlier complaints were dismissed on procedural and substantive grounds.  The only substantive allegation in the instant complaint is that Defendant allowed false testimony in Plaintiff's state criminal proceeding, thereby denying him a fair trial.  For relief, the complaint seeks a new trial.

Because Plaintiff seeks a new criminal trial in state court, his claims are not cognizable in this civil rights action.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).  The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Docs. 2, 4) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice to his right to pursue relief under the habeas corpus statutes, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE