IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMMY LEROY MCMURRAY,

    Plaintiff,

v.                                                                                               CIV. No. 10-389 JCH/GBW

JUSTICE MCCELMOORE,

    Defendant.

**ORDER DENYING MOTION TO APPOINT COUNSEL**

This matter is before the Court on Plaintiff's Motion to Appoint Counsel. *Doc. 26.* Having reviewed the Motion, the Court finds that it should be denied.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.'" *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d

994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the Motion, relevant case law, and the pleadings filed in this case in light of the above-referenced factors. Plaintiff filed the instant motion on June 9, 2014, more than three years after his complaint was dismissed without prejudice because his claims were not cognizable. *Doc. 12* at 2; *doc. 13*. Plaintiff's Motion to Reopen the case was likewise denied on January 21, 2011. *Doc. 17*. The Court entered an order imposing filing restrictions (*doc. 18*), which was affirmed on appeal by the Tenth Circuit on August 22, 2011 (*doc. 25*, Ex. 1). In support of his Motion to Appoint Counsel, Plaintiff attaches Judge Herrera's March 14, 2011 Order of Injunction and Imposing Filing Restrictions, which states, in relevant part, that "Plaintiff is . . . enjoined from initiating further litigation in this Court . . . unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*." *Doc. 18*. Plaintiff asserts that he is entitled to appointed counsel because this language "mandated [him] to get a licensed attorney to work on [his] case." *Doc. 26* at 1. Plaintiff's argument misconstrues the Court's Order, which does not, as he claims, require that he be appointed counsel. Rather, it creates preconditions

that Plaintiff must meet before he will be permitted to initiate further litigation in this Court. Plaintiff is therefore not entitled to appointment of counsel on this basis.

Furthermore, the applicable factors do not indicate that counsel should be appointed here. Most significantly, Plaintiff's Motion appears to seek appointment of counsel in order to raise claims that have already been considered and rejected by the court, and, therefore, lack merit. *Doc. 12*; *Doc. 17*. Based on the Court's own review, none of the *Thomas* factors support granting Plaintiff's Motion.

Wherefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, (*doc. 26*), is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE